**FILED**
JAN - 2 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**DERRICK W. MACON**
**Plaintiff,**
12401 WELDON MANOR LANE
UPPER MARLBORO, MD. 20772
VS. 301.627.2244

**UNITED STATES CAPITOL**
**POLICE BOARD**
    **Defendant**

Case: 1:08-cv-00003
Assigned To : Sullivan, Emmet G.
Assign. Date : 1/2/2008
Description: Employ. Discrim.


JURY ACTION

## COMPLAINT

**I.**   **Introduction**

This is a Complaint ("Complaint"). In this Complaint, Plaintiff asserts that the Employer has violated Sections 201(a) (1) and 207 of the Congressional Accountability Act ("CAA"), 2 U.S.C. Sections 1301(a) (1) and 1317, respectively, by subjecting him to race and age-based harassment; a hostile work environment based on race and age, discriminatory treatment based on race and age, disparate treatment based on race and age; and reprisal for exercising his rights pursuant to the CAA. The Defendant has done this primarily by failing to investigate, or otherwise take corrective action in response to widespread complaints of discrimination at the Plaintiff's workplace. The defendant's retaliatory action against Plaintiff specifically includes initiating and/or taking away employee benefits (days off from work) requiring Plaintiff to work thirteen consecutive days. This retaliatory action against Plaintiff in whole or in part is in response to him requesting that speaking out against the harassment and discrimination he has suffered at his workplace. Moreover, the Defendant continues to subject him to a discriminatory, retaliatory and hostile work environment, in whole or in part in response to him initiating counseling at the Congressional Office of Compliance on 2007, 2003, and 2001.

## **NATURE OF THE ACTION**

Plaintiff is a United States Capitol Police officer employed by Defendant U.S. Capitol Police Board "the Employer" who has been subjected to discrimination in the form of racial discrimination, age-based harassment, and a hostile work environment. As well as disparate treatment and reprisal based on his participation in legal proceedings; and in retaliation for having requested an investigation of, and otherwise speaking out against, demeaning and offensive behavior participated in by supervisors at his workplace on or about July 20, 2007, and other discrimination and harassment he has suffered at his workplace. The continuing violation of the above-described actions at Plaintiff's workplace, and the Employer's acquiescence in, and failure to investigate the widespread participation of, these actions, and the Employer's other discriminatory and harassing treatment of Plaintiff, as described in this Complaint, is conduct made unlawful by Section 201 of the CAA, 2 U.S.C. Section 1311. Plaintiff's requesting that his Employer investigate the widespread behavior of these relationships at his workplace, and otherwise speaking out against this and other discriminatory and harassing conduct by the Employer, is therefore protected activity under Section 207 of the CAA, 2 U.S.C. § 1317. Plaintiff's contacting the Congressional Office of Compliance to initiate counseling in connection with these matters also constitutes protected activity under Section 207 of the CAA, 2 U.S.C. § 1317.

Section 207 of the CAA, in 2 U.S.C. § 1317, protects employees from reprisals. The CAA mandates that it shall be unlawful for an employing office to intimidate, take reprisal against, or otherwise discriminate against, any covered employee because the covered employee has opposed any practice made unlawful by this Act, or because the covered employee has

initiated proceedings, made a charge, or testified, assisted, or participated in any manner in a hearing or other proceeding under this Act.

## I.   Facts

Plaintiff Derrick Macon ("Plaintiff" or Officer Macon) has been employed as a United States Capitol Police Officer since on or about October 4, 1985. During all times relevant to this Complaint, and continuing to the present, has held the rank of Private First Class.

On or about July 20, 2007, Officer Derrick Macon contacted the Congressional Office Compliance to request counseling in connection with the allegations contained in this Complaint (Office of Compliance Case No. 07-CP-44 (AG, RP)). Having exhausted his administrative remedies as described, Officer Macon now files his Complaint seeking relief.

## II.   Jurisdiction and Venue

Jurisdiction is proper pursuant to 2 U.S.C. § 1408 of the CAA. In addition, jurisdiction is proper under 28 U.S.C. § 1331.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). Venue is proper in the District of Columbia because the acts and practices complained of herein occurred in the District of Columbia.

## III.   Jury Demand

Plaintiff demands a trial by jury for his claim pursuant to 2 U.S.C. § 1408 of the CAA.

## IV.   Parties

Plaintiff is an officer employed by the Defendant. Plaintiff is a covered "employee" under the CAA, 2 U.S.C. § 1301(3)(d).

Defendant is the United States Capitol Police Board, an "employing office" under the CAA, 2 U.S.C. § 1301(9)(d).

The Defendant is a collective, consisting of three officers of the United States Congress; the Architect of the Capitol, the Sergeant at Arms of the United States Senate, Terrance W. Gainer, and the Sergeant at Arms of the United States House of Representatives, Wilson Livingood. Collectively, the Defendants, pursuant to 2 U.S.C. § 1301, are the "employing office" of United States Capitol Police officers.

## V. **Exhaustion of Administrative Remedies**

Plaintiff has exhausted his administrative remedies by completing counseling and mediation with the Congressional Office of Compliance as required by Section 1401 of the CAA. Plaintiff files this Complaint on December 31, 2007, within 90 days of the receipt of the End of Mediation notice on October 2, 2007.

### COUNT I: CAA SECTION 201 (HOSTILE WORK ENVIRONMENT)

United States Capitol Police General Order 2112 requires officers to report to their commanding officer(s) any interpersonal relationships with subordinates that have the potential to create a conflict of interest. Plaintiff identified a conflict of interest of requiring him to work under his commanding officer, Captain James J. Pickett, who was alleged violating United States Capitol Police Directive PRF 1.3, Rules of Conduct, Rule A-3 Compliance with Directives – General Order 2112. Additionally, a request was made for Defendant to investigate an alleged violation under Operational Directive PRF 1.3, Rules of Conduct Rule A-7, Truthfulness.

Other male United States Capitol Police officers have had, and in some instances, continue to have, interpersonal relationships with subordinates, which have the potential to create

4

a conflict of interest. Many, if not all, of these supervisors have failed to report these relationships as required by General Order 2112. The Defendant knows of many such relationships involving supervisors, and has failed to investigate or impose any discipline against these officers.

Plaintiff hereby incorporates paragraphs above, by reference.

The activities described in this Complaint, constitute a hostile work environment for Officer Macon and other officers serving in the United States Capitol Police force.

The effect of the unlawful employment practices and actions set forth above has been to deprive the Plaintiff of promotional opportunities, benefits and privileges and otherwise adversely affect and alter the terms and conditions of employment for Plaintiff.

As a direct and proximate cause of the actions set forth above, the Plaintiff has suffered and continues to suffer damages, including pain, suffering, damage to professional reputation, attorney fees and other damages.

To date, Officer Macon has received no further communication from any United States Capitol Police management officials regarding a possible investigation of, or any other corrective action, regarding the complaints.

To date, the Defendant has failed to investigate either or both Complaints described above.

To date, the Defendant has failed to enforce and communicate to its employees that these actions will not be tolerated at the United States Capitol Police workplace.

## COUNT II: CAA SECTION 201 (AGE DISCRIMINATION)

Plaintiff is asserting a disparate treatment claim demonstrating facts sufficient to create a reasonable inference that age discrimination was a determining factor in the employment decision. Plaintiff has established that 1) he belongs to the statutorily protected age group; 2) qualified for the position, and 3) was disadvantaged in favor of a younger person.

Plaintiff has set forth facts to establish that the assignment of overtime regulations of the employer show that specific employment practices by Defendant select a statutorily protected group in a discriminatory pattern significantly different from that of the pool of applicants. Moreover, Plaintiff alleged statistical disparities between similarly situated employees and a statutorily protected group under Defendant's employment.

Plaintiff was further discriminated against when the Defendant knowingly and willingly applied an unfair distribution of overtime and scheduled days off to Plaintiff. Plaintiff was retaliated against by requiring him to work thirteen (13) consecutive days, January 22, 2007, through February 4, 2007, without a scheduled day off. No other officer under the age of 40 was scheduled to not have a day off from work without at least one of their scheduled days off during this specified time. This adverse personnel action was deliberate and violates Section 18.02 of the CBA.

## COUNT III: CAA SECTION 201 (RACE-BASED HARRASSMENT AND DISPARATE TREATMENT)

Plaintiff hereby incorporates paragraphs above, by reference.

The activities described in this Complaint were instituted in violation of the prohibition on reprisals against employees that have engaged in protected activity, as defined under the CAA.

The upper management of the Defendant, as described above, has reprised against the Plaintiff for complaining against conduct made unlawful by the CAA.

There is a direct and proximate nexus between Plaintiff's participation and use of the Congressional Office of Compliance, federally protected activities, and the Defendant's unlawful treatment of Plaintiff.

The effect of the retaliatory employment practices and actions taken as set forth above was to deprive the Plaintiff of promotional opportunities, benefits and privileges and otherwise adversely affect and alter the terms and conditions of employment for Plaintiff.

As a direct and proximate cause of the actions set forth above, the Plaintiff has suffered and continues to suffer damages, including, but not limited to, attorney fees and other damages.

### **PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that this Honorable Court grant him the following relief:

1. Direct the Defendant to restore to Plaintiff the 8 hours leave he was penalized in connection with the incidents as described in this Complaint;

2. Direct the Defendant to make Plaintiff whole for any and all job benefits lost as a result of the Defendant's conduct as described in this Complaint; and

3. Direct the Defendant to pay the Plaintiff compensatory damages in an amount to be determined at trial for damage to professional reputation, suffering, mental anguish and humiliation, embarrassment, emotional pain, inconvenience, and other pecuniary and non-pecuniary losses pursuant to 2 U.S.C. Sections § 1311(b) and 1317(b) of the CAA, resulting from the Defendant's prohibited employment actions of discrimination, harassment, disparate treatment, hostile work environment and reprisal against Plaintiff;

4. Reasonable attorney fees and costs; and

5. Such other relief as this Court deems just.

Respectfully Submitted,

*[signature]*
**DERRICK WAYNE MACON**
Pro Se
12401 Weldon Manor Lane
Upper Marlboro, MD  20772
(301) 627-2244

December 31, 2007



*advancing safety, health, and workplace rights in the legislative branch*

# Office of Compliance

Office of the Executive Director

October 2, 2007

**CERTIFIED MAIL
RETURN RECEIPT REQUESTED**
Derrick W. Macon
12401 Weldon Manor Lane
Upper Marlboro, MD 20772

**END OF MEDIATION NOTICE**
Re: Derrick W. Macon, Employee
and
Office of the U.S. Capitol Police Board, Employing Office
Case No. **07-CP-44 (AG, RP)**

Dear Mr. Macon:

This is to notify you that the mediation period has ended in the above matter without a resolution of your claims. The counseling period began on July 20, 2007 and ended on August 20, 2007. The mediation period began on August 29, 2007 and ended on September 28, 2007.

Your request for mediation was based upon your allegation(s) that the employing office violated sections 201 and 207 of the Congressional Accountability Act ("CAA").

If you wish to proceed further with this matter, you must do so **not later than 90 days, but no sooner than 30 days**, after you receive this end of mediation notice. During that 60-day time frame you may either: (1) file a **formal complaint** with the Office of Compliance in accordance with section 405 of the (CAA); or (2) file a **civil action**, in accordance with section 408 of the CAA, in the United States District Court for the district which you are employed, or in the U.S. District Court for the District of Columbia. You may assert only those claims that you made during counseling and mediation.

08 0003

If you choose to file a formal complaint with the Office of Compliance it must be legibly written or typed on the enclosed *Complaint* form. The complaint must be signed by you or your designated representative and contain the following information:

**FILED**

(a)   the complainant's name, mailing address, and telephone number;   JAN - 2 2008

(b)   the involved employing office's name, address, and telephone number; NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(c)   the name(s) and title(s) of the individual(s) involved in the conduct that you claim violated the CAA;

-2-

(d)  a description of the conduct that you challenge, including the date(s) and location(s) of the conduct;

(e)  a brief description of why you believe the challenged conduct violated the CAA and your identification of each applicable section of the Act (i.e., Sec. 201 (Employment discrimination), Sec. 202 (Family and Medical Leave), Sect. 203 (Fair Labor Standards), Sec. 204 (Employee Polygraph Protection), Sec. 205 (Worker Adjustment and Retraining), Sec. 206 (Employment and Reemployment of Veterans), and Sec. 207 (Intimidation or Reprisal).

(f)  a statement of the relief or remedy sought ;

(g)  the name, address, and telephone number of the representative, if any, who will act on your behalf.

If you choose to file a formal complaint with this Office, we will serve a copy of your complaint, and the Office's Procedural Rules, on the named employing office, or its designated representative. The Office's transmittal letter will notify the employing office that it must file an answer to the complaint with this Office within 15 days after service of the complaint. A copy of the service list containing the names and addresses of the parties and their designated representatives will also be forwarded to the employing office.

If you file a formal complaint with this Office, we will appoint an independent Hearing Officer to consider the complaint and render a decision. The Office of Compliance will issue a notice of hearing fixing the date, time and place of the hearing. Absent a postponement granted by this Office, or other dispositive action by the Hearing Officer, the hearing will commence no later than 60 days after the filing of the complaint.

If you choose to file a civil action in U.S. District Court, the Office will not process your case in court and it will be your responsibility to abide by all applicable Federal Rules and procedures applicable to civil actions.

We have enclosed the *Participant Survey Form*, an instrument designed to provide the Office of Compliance with important feedback on participants' experience in the mediation program. If you have not already done so, please complete the survey and return it to the Office by facsimile at (202) 426-1913 or mail it to the Office of Compliance, Adams Building, Room LA 200, 110 Second Street, S.E., Washington, D.C. 20540-1999.

If you have any questions or need any assistance, please contact this Office.

Sincerely,

Teresa M. James
Director of Dispute Resolution

Enclosures:   Facsimile Notice
              Complaint Form
              Participant Survey Form
cc:   Frederick Herrera, Esq.
      Linda Toyo Obayashi, Mediator



PHONE: 202-224-4841

# UNITED STATES CAPITOL POLICE
WASHINGTON, DC 20510-7218

December 03, 2007

RECEIVED DEC 1 4 2007 OFFICE OF COMPLIANCE

## MEMORANDUM

**TO:**      Office of Compliance

**FROM:**   Derrick W. Macon

**SUBJECT:**   Case Number: 07-CP-44 (AG, RP)

On August 15, 2007, the United States District Court ruled in favor for Defendant United States Capitol Police Board Motion for Dismissal. The Court found that my three (3) cases failed to exhaust administrative remedies and failed to provide required support causing dismissal. The Court's Order to dismiss my cases with prejudice is a travesty to justice and an embarrassment to the United States Congress. The Office of Compliance knows best about its' procedure and had failed to provide a definitive explanation of its process to the Court.

The Office of Compliance silence to this injustice validates a distrust shared by many Legislative employees, about bias and favoritism towards the Government as Defendant. Nevertheless, the Office of Compliance required, I have satisfactorily exhausted all administrative remedies for claims relating to three (3) different actions.

I am hereby requesting affidavits and supporting documentation to verify that I have satisfied the counseling and mediation requirements of District's Court Judge Emmet G. Sullivan, September 30, 2004, Order.

Under this Court's ruling, I must demonstrate undisputable "proof" that I have personally attended both counseling and mediation (emphasis added).

I requested for the Office of Compliance to: clearly state (and provide appropriate documentation for) the alleged discriminatory act, the date the act occurred, the date counseling was requested, the date the claimant attended counseling (in person), the date mediation was requested, and the date a mediation session was attended (in person).

All help in this matter will be greatly appreciated.

Respectfully Submitted,

*Derrick W. Macon*
Derrick W. Macon
Private First Class
Senate Division Section One

*Nationally Accredited by the Commission on Accreditation for Law Enforcement Agencies, Inc.*

OFFICE OF COMPLIANCE
Mediation Agreement
Case No. 07-CP-44


RECEIVED
SEP 12 2007
OFFICE OF COMPLIANCE

Mediation has been requested under Section 403 of the Congressional Accountability Act, and the Rules of Procedure of the Office of Compliance. The mediation period is 30 calendar days beginning on 8/29/07. Upon the joint request of the covered employee and the employing office, the Office of Compliance may extend the mediation period. Before active mediation proceeds, this Agreement must be signed by both parties.

The parties to this Agreement are the employee and any designated representative, and the employing office and any designated representative. The parties understand that the mediator is a neutral, and is not acting as advocate or attorney for either party. The parties agree to participate cooperatively and in good faith with the mediator and the Office in an attempt to resolve the matter in dispute through the process of mediation.

### CONFIDENTIALITY

Section 416(b) of the Congressional Accountability Act, and sections 1.06, 1.07, and 2.04 of the Rules of Procedure provide that all mediation is strictly confidential. There is no provision for waiver of this confidentiality by the parties to this mediation.

The parties are aware of the confidentiality requirements referenced above, and agree that the mediation process, including all communications, statements, and documents prepared for the mediation, are confidential. The parties to the mediation, the mediator, and the Office shall not disclose in whole or in part any communications, statements, or documents prepared for mediation. Any such information or documents which are obtained, exchanged, or imparted during mediation may not be disclosed by the neutral or any party to the mediation. The only exceptions are that: (1) the mediator and the Office may communicate with each other about the substance of the mediation, (2) a party may consult with its representative, and (3) a party or its representative may disclose such information for the limited purposes of investigating claims, ensuring compliance with the Act or preparing its prosecution or defense. Any such disclosure must be reasonably necessary to accomplish the aforementioned purposes, and the party making the disclosure must take all appropriate steps to ensure that third parties to whom the information is disclosed also maintain the confidentiality of the disclosed information.

Neither party will request or compel either the individual(s) who counseled the employee or the mediator in this matter to testify or provide information regarding this matter in any civil action under Section 408 of the Act, hearing under Section 405 of the Act, or in any other proceeding. The mediator will not testify on behalf of either party, and will not voluntarily disclose to third parties any confidential information regarding this mediation, except as provided in the paragraph above. Nothing in this Agreement will preclude the Office from publicly disclosing statistical information that does not reveal the identity of employees or employing offices involved in mediation.

_____  _____
Employee/Representative     Representative(s) of Employing Office

_____  _____

Date 09-12-07

**THIS AGREEMENT MUST BE SIGNED BY BOTH PARTIES**

Effective 10/9/03



Malinkin 9/12/07

JAN 2007

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   | 1 | 2 | 3 | 4 | 5 | 6 |
| 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| 14 | 15 | 16 | 17 | 18 | 19 | 20 lunch |
| 21 | (22) | (23) | (24) | (25) | (26) | 27 lunch |
| (28) lunch | (29) | (30) | (31) | FEB 2007 (1) | (2) | 3 lunch |

X



RECEIVED
AUG 2 3 2007
OFFICE OF COMPLIANCE

# OFFICE OF COMPLIANCE

## REQUEST FOR MEDIATION

CASE NO. 07-CP-44 (AG, RP)
Name of Employing Office: U.S. Capitol Police Board

I, Derrick W. Maiorl, having completed the counseling period under Section 402 of the Congressional Accountability Act, hereby request mediation in this matter.

_Derrick W. Maior_  August 28, 2007
Signature of Covered Employee   Date
or Designated Representative

Mailing Address: 12401 Weldon Manor Lane
Upper Marlboro, MD 20772

Home Telephone No.: (301) 627 2244

Office Telephone No.: (202) 224 4841 wk
(202) 369 4133 cell



*advancing safety, health, and workplace rights in the legislative branch*

# Office of Compliance

Office of the Executive Director

August 21, 2007

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Derrick W. Macon
12401 Weldon Manor Lane
Upper Marlboro, MD 20772

## NOTICE TO EMPLOYEE OF END OF COUNSELING PERIOD
Re: Derrick W. Macon, Employee
and
Office of the U.S. Capitol Police Board, Employing Office
Case No. **07-CP-44 (AG, RP)**

Dear Mr. Macon:

This is to notify you that the counseling period on your allegation of violation of the Congressional Accountability Act (CAA) began on July 20, 2007 and ended on August 20, 2007.

In accordance with Section 403 of the CAA, if you wish to proceed any further in this matter you must file a written request for mediation with this Office no later than 15 calendar days after you receive this notice. <u>Otherwise, your request for mediation will be too late.</u> A request for mediation [see the form enclosed] must include your name, address and telephone number and the name of the Employing Office which is the subject of your allegation(s). Please include your case number **07-CP-44 (AG, RP)** on any correspondence with this Office, including a request for mediation.

A request for mediation, which may be hand-delivered, mailed, or sent by facsimile transmission, should be addressed to:

Executive Director
Office of Compliance
Room LA 200, John Adams Building
110 Second Street, S.E.
Washington, DC 20540-1999
Telephone: (202) 724-9250
Facsimile: (202) 426-1913

-2-

If you request mediation, the Office will notify the employing office of the commencement of mediation. The mediation period shall be 30 calendar days, beginning on the date that this Office receives the request for mediation. The Office may extend the mediation period upon the joint request of the parties to the mediation. The parties may elect to be represented during the mediation. If you choose to be represented, and have not done so already, you must provide the Office with your *Notice of Designation of Representative* form (enclosed). If you do not wish to request mediation this matter shall be closed.

Thank you for your attention. If you have any questions please contact this Office.

Sincerely,

Tamara E. Chrisler
Acting Executive Director

Enclosures:   Facsimile Notice
              Request for Mediation
              Dispute Resolution Process Pamphlet
              Notice of Designation of Representative Form



# Office of Compliance
*advancing safety, health, and workplace rights in the legislative branch*

## Employee's Formal Request for Counseling

The Congressional Accountability Act (CAA) provides that a covered employee who alleges a violation of the Act can initiate proceedings to resolve the allegations(s) by filing a formal request for counseling with the Office of Compliance no later than 180 days after the date of the alleged violation(s). The Office will provide the employee with information about the employee's rights and responsibilities and the procedures of the Office, discuss the employee's concerns, get information from the employee regarding the alleged violation, and assist the employee in achieving a resolution of the matter, if possible.

Please Print or Type the Following Information

### I. Contact Information

Employee Name: **Derrick W. Mason**   Date: **July 20, 2007**

Mailing Address: **12401 Weldon Manor Lane, Upper Marlboro, Maryland 20772**

Telephone:
Work **(202) 224-4841**   Home **(301) 627-2244**
Cell **(202) 364-4433**

Job/Position Title: **Police Officer**

Employing Office Involved: **U.S. Capitol Police Board**

*(NOTE: You must inform the Office of Compliance immediately of any changes to your address and/or telephone numbers. Failure to do so may cause you to lose your right to pursue this matter.)*



RECEIVED JUL 2 ? 2007 OFFICE OF COMPLIANCE

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Derrick W. Macon | U.S. Capitol Police Board |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

Pro Se  N/P

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
12401 Weldon Manor Lane
Upper Marlboro, MD. 20772

Case: 1:08-cv-00003
Assigned To : Sullivan, Emmet G.
Assign. Date : 1/2/2008
Description: Employ. Discrim.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. *Antitrust*
☐ 410 Antitrust

### ☐ B. *Personal Injury/Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. *Administrative Agency Review*
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. *Temporary Restraining Order/Preliminary Injunction*
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ H. *Employment Discrimination*<br>☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

SECTION 207 OF THE CAA 2 USC 1317 - Employ. Discrimination

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____  Check YES only if demanded in complaint  JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)  ☐ YES  ☐ NO   If yes, please complete related case form.

DATE 1-2-08   SIGNATURE OF ATTORNEY OF RECORD  NCD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.