## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DERRICK W. MACON** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action 08-0003   (EGS)** |
| ) | |
| **UNITED STATES CAPITOL POLICE** ) | |
| **BOARD,** ) | |
| ) | |
| **Defendant.** ) | |

### DEFENDANT'S ANSWER

The United States Capitol Police Board ("Defendant" or "Board"), by and through

counsel, answers and provides affirmative defenses to the allegations in the Complaint of

Plaintiff Derrick Macon ("Plaintiff") as follows[1]:

### INTRODUCTION

1. The allegations in sentence 1 of paragraph 1 are admitted.  The allegations in sentence

2 of paragraph 1 are legal conclusions requiring no response.  To the extent a response is

required, the allegations are denied.  Defendant denies the allegations in sentences 3, 4, 5 and 6

of paragraph 1.

### NATURE OF ACTION

2. Defendant admits that Plaintiff is a Untied States Capitol Police officer employed by

Defendant, but denies the remaining allegations in sentence 1 of paragraph 2.  The allegations in

---

[1] The Complaint does not contain numbered paragraphs.  However, Defendant believes
that, going forward, it will be easier for the Court and the parties if the paragraphs are numbered
in the manner in which Defendant has done here.

sentences 2 and 3 of paragraph 2 are legal conclusions requiring no response.  To the extent a response is required, the allegations are denied.  The allegations in sentence 4 of paragraph 2 are denied.  The allegations in sentence 5 of paragraph 2 are legal conclusions requiring no response. To the extent a response is required, the allegations are denied.

3.  Defendant admits the allegation in sentence 1 of paragraph 3; namely, that the Congressional Accountability Act protects covered legislative branch employees from reprisal. Defendant admits the allegation in sentence 2 of paragraph 3.

## FACTS

4.  Defendant admits the allegations in sentences 1 and 2 of paragraph 4.

5.  Defendant is without sufficient information to admit or deny the allegations in sentence 1 of paragraph 5.  Defendant denies the allegations in sentence 2 of paragraph 5.

## JURISDICTION AND VENUE

6.  Defendant admits that jurisdiction is proper in this Court as alleged in paragraph 6.

7.  Defendant admits that venue is proper in this judicial district as alleged in paragraph 7.

## JURY DEMAND

8.  The allegation in sentence 1 of paragraph 8 is a legal conclusion requiring no response.  To the extent a response is required, Defendant denies that Plaintiff is entitled to a jury trial.

## PARTIES

9.  Defendant admits the allegations in sentences 1 and 2 of paragraph 9.

10.  Defendant admits the allegation in sentence 1 of paragraph 10.

11.  Defendant is without sufficient information to admit or deny the allegations in sentence 1 of paragraph 11.  Defendant further avers that it is comprised by the three officers identified in paragraph 11 as well as the Chief of Police as an *ex officio* Member of the Capitol Police Board.  Defendant denies that the three officers named in paragraph 11 are the Defendants but admits that the Capitol Police Board is the "employing office."

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12.  Defendant denies that Plaintiff has exhausted his administrative remedies for all of his claims as alleged in sentence 1 of paragraph 12.  Defendant is without sufficient information to admit or deny the allegation in sentence 2 of paragraph 12.

## COUNT I

13.  Defendant denies the allegations in sentence 1 of paragraph 13 but admits that General Order 2112 requires, among other things, that a supervisor report all family relationships and other potentially conflicting interpersonal relationships with subordinate employees. Defendant denies the allegations in sentences 2 and 3 of paragraph 13.

14.  Defendant is without sufficient information to admit or deny the allegations in sentence 1 of paragraph 14.  Defendant denies the allegations in sentences 2 and 3 of paragraph 14.

15.  Defendant incorporates its answers above in reference to paragraph 15.

16.  The allegations in sentence 1 of paragraph 16 are legal conclusions requiring no response.  To the extent a response is required, the allegations are denied.

17.  Defendant denies the allegations in paragraph 17.

18.  Defendant denies the allegations in paragraph 18.

19-20.  Defendant is without sufficient information to admit or deny the allegations in paragraphs 19 and 20, as it is unclear what Plaintiff means by "the complaints" or "both Complaints."

21.  Defendant is without sufficient information to admit or deny the allegation in paragraph 21 because it does not understand the "actions" to which Plaintiff is referring.

## COUNT II

22.  The allegations in sentences 1 and 2 of paragraph 22 are legal conclusions requiring no response.  To the extent a response is required, the allegations are denied except Defendant admits that Plaintiff belongs to a statutorily protected age group.

23.  Defendant denies the allegations in paragraph 23.

24.  Defendant denies the allegations in paragraph 24.

## COUNT III

25.  Defendant incorporates its answers above in reference to paragraph 25.

26.  The allegations in paragraph 26 are legal conclusions requiring no response.  To the extent a response is required, the allegations are denied.

27.  Defendant denies the allegations in paragraph 27.

28.  The allegations in paragraph 28 are legal conclusions requiring no response.  To the extent a response is required, the allegations are denied.

29.  Defendant denies the allegations in paragraph 29.

30.  Defendant denies the allegations in paragraph 30.

## PRAYER FOR RELIEF

36.  Defendant denies that Plaintiff is entitled to any relief as requested in paragraph 31, subparagraphs 1 through 5.  Defendant also denies that there are any triable issue requiring a jury trial and that plaintiff is entitled to a jury trial on all of his claims.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff has failed to satisfy or exhaust any and all administrative prerequisites.

### Third Affirmative Defense

The Court lacks subject matter jurisdiction over some or all of Plaintiff's claims.

### Fourth Affirmative Defense

The relief sought by the Plaintiff is prohibited or limited by statute.  Defendant asserts all statutory limitations on the damages sought by the Plaintiff.

### Fifth Affirmative Defense

Plaintiff has failed to mitigate his damages, if any.

Respectfully submitted,

_____
JEFFREY A. TAYLOR D.C., Bar # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar# 434122
Assistant United States Attorney

OF COUNSEL                        /s/ Harry B. Roback
_____
                                  HARRY B. ROBACK, D.C. Bar # 485145
FREDERICK M. HERRERA              Assistant United States Attorney

-5-

Employment Counsel                         United States Attorney's Office
Capitol Police Board                       555 4th Street, N.W.
499 South Capitol Street, SW               Washington D.C. 20530
Washington, DC 20003                       (202) 616-5309

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April, 2008, I caused a copy of Defendant's Answer to the complaint to be mailed to Plaintiff at the following address:

Derrick W. Macon
12401 Weldon Manor Lane
Upper Marlboro, MD 20772

/s/ Harry B. Roback
Harry B. Roback